J-S66027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| OSCAR MANUEL MARTINEZ, | : | |
| | : | |
| Appellant | : | No. 871 MDA 2014 |

Appeal from the PCRA Order Entered April 28, 2014,
In the Court of Common Pleas of Lancaster County,
Criminal Division, at No. CP-36-CR-0002587-2011.

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 28, 2014**

Oscar Manuel Martinez ("Appellant") appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In addition, counsel has filed a petition seeking to withdraw.  We grant counsel's motion to withdraw and affirm the order of the PCRA court.

The PCRA Court summarized the history of this case, in relevant part, as follows:

> Pursuant to the negotiated [plea] agreement, [the trial court] imposed the mandatory sentence of life in prison without parole for the first degree murder [charge], and a concurrent sentence of 20 to 40 years' incarceration for the criminal conspiracy charge [on August 1, 2011].  Neither post sentence motions nor a direct appeal to the Superior Court of Pennsylvania was filed by [Appellant].

On December 28, 2013, [Appellant], acting *pro se*, filed a motion for leave to file an amended petition for post conviction collateral relief.[1] Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, [counsel] was appointed to represent [Appellant] on his collateral claims and was granted 60 days leave to file an amended petition, if appropriate.

After receiving an extension of time, an amended petition was filed by counsel on March 10, 2014. Upon review of the *pro se* and amended petitions, and the entire record in this case, [the PCRA court] found that there [were] no disputed issues of fact, that [Appellant was] not entitled to post conviction collateral relief, and that no purpose [would] be served by any further proceedings. Therefore, pursuant to Pa. R.Crim.P. 907(1), [the PCRA court] gave notice to [Appellant] on March 27, 2014, of [its] intent to deny his second amended PCRA petition for these reasons, and because the petition was not timely filed pursuant to Pa.C.S.A. § 9545(b), and [Appellant] failed to plead and prove any of the exceptions set forth in § 9545(b)(1)(i-iii) to the timeliness requirement. [Appellant] was given 21 days to respond to the Rule 907 Notice. No response has been filed.

PCRA Court Opinion, 4/28/14, at 2–3.

---

[1] Regarding Appellant's petitions, the PCRA court noted:

The initial *pro se* pleading is actually captioned "Motion for Leave to Amend Petition Petition [sic] for Habeas Corpus Relief Under Article 1, Section 14 of the Pennsylvania Constitution and for Post-Conviction Relief Under the Post Conviction Relief Act *Et Seq*." This pleading, which appears to be a fill-in-the-blank form, asserts that [Appellant] has "previously filed" a petition for relief and that this pleading is an "amended petition." The official file maintained by the Clerk of Courts contains, however, no previously filed PCRA or habeas corpus petition. Still, court-appointed PCRA counsel titled his petition as a "second amended post-conviction relief act petition."

PCRA Court Opinion, 4/28/14, at 1 n.1 ("[sic]" in original).

The PCRA court dismissed the petition as untimely on April 28, 2014. This appeal followed. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On August 13, 2014, Appellant's PCRA counsel filed an application to withdraw pursuant to the **Turner/Finley**[2] formula. When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Mistakenly, counsel refers to the controlling authority as **Turner**/**Friend**. Application to Withdraw as Counsel, 8/13/14, at ¶ 2. The case of **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), is a post-**Turner**/**Finley** decision.

> 6)    The court must agree with counsel that the petition is meritless.

*Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008) (internal punctuation marks omitted) (citing *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006)).

In the present case, counsel has complied with the requirements for withdrawal from a collateral appeal. In the application filed with this Court, counsel alleged that he has reviewed and evaluated the case and concluded that the appeal is frivolous. Counsel has also set forth an issue and explained why, in his opinion, it lacks merit. In addition, counsel has included a letter sent to Appellant containing a copy of his application to withdraw and a statement advising Appellant of his right to proceed *pro se* or through privately retained counsel. Thus, we will allow counsel to withdraw if, after our review, we conclude that the issue relevant to this appeal lacks merit.

PCRA counsel presents the following question on behalf of Appellant:

Whether the post-conviction court erred when it denied relief on Appellant's claim that the mandatory sentence of life imprisonment without parole was imposed illegally?

Appellant's Brief at 2.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31

A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Initially, we consider the PCRA court's determination that Appellant's petition was untimely. PCRA Court Opinion, 4/28/14, at 8. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Our review of the record reflects that Appellant's judgment of sentence became final on August 31, 2011, thirty days after the trial court imposed the judgment of sentence and Appellant failed to file a direct appeal with this Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, in order to be timely, Appellant needed to file his PCRA petition on or before August 31,

2012. Appellant did not file the instant PCRA petition until December 26, 2013. Accordingly, Appellant's PCRA petition is patently untimely.

However, the PCRA court may receive an untimely petition when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petitioner invoking one of these exceptions must file his petition within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim

---

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

-6-

was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant attempted to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9544(b)(1)(iii). Specifically, Appellant asserted that the United States Supreme Court decision in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012), provides him relief.[4] Second Amended Petition, 3/10/14, at ¶¶ 7, 8. Therein, the U.S. Supreme Court held that "mandatory life-without-parole sentences for juveniles" violate the Eighth Amendment's prohibition of cruel and unusual punishment. *Miller*, 132 S.Ct. at 2463–2464.

Appellant does not qualify for relief under the third exception to the timeliness requirement on two fronts. First, Appellant did not satisfy the sixty–day requirement set forth in section 9545(b)(2). To fulfill that requirement, Appellant needed to file his PCRA petition within sixty days from the date of the U.S. Supreme Court's decision in *Miller*. *See*

---

[4] As the PCRA court observed, *Miller v. Alabama* and *Jackson v. Hobbs*, "were decided together in a single opinion, for which there is a single citation." PCRA Court Opinion, 4/28/14, at 5 n. 6.

*Commonwealth v. Baldwin*, 789 A.2d 728, 730-731 (Pa. Super. 2001) (reiterating that PCRA petition claiming exception to timeliness requirement based upon constitutional right newly recognized by United States Supreme Court or Pennsylvania Supreme Court must be presented within sixty days of newly published decision). The U.S. Supreme Court filed its decision in *Miller* on June 25, 2012. Appellant filed his initial *pro se* petition on December 26, 2013. Thus, the petition was untimely on this basis.

Second, our recent decision in *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013), negates Appellant's claim that *Miller* affords him relief under section 9545(b)(1)(iii).

> In *Miller*, the Supreme Court of the United States recognized a constitutional right for juveniles under the age of eighteen, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" *Miller*, *supra* at 2460. Here, Appellants Jesus and Oscar were twenty-one and nineteen years old, respectively, when they committed the underlying crimes. . . Therefore, the holding in *Miller* does not create a newly-recognized constitutional right that can serve as the basis for relief for Appellants. *See* 42 Pa.C.S. § 9545(b)(1)(iii); *Miller*, *supra* at 2460.

*Cintora*, 69 A.3d at 764.

Here, the PCRA court found, and the record confirms, that Appellant was "not a juvenile at the time of his crimes, but rather was an 18-year-old adult. . . [He] was 18 years, 10 months and 21 days old on the date of the offense." PCRA Court opinion, 4/28/14, at 5, n.7; Second Amended Petition,

3/10/14, at ¶¶ 7, 8; Criminal Complaint, 4/20/11, at 1, 4. Additionally, although the retroactivity of **Miller** was under review when we filed **Cintora**, that issue was resolved when the U.S. Supreme Court denied *certiorari* on June 9, 2014, in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. denied*, ___ U.S. ___, 134 S.Ct. 2724 (2014), letting stand the Pennsylvania Supreme Court's ruling that **Miller** would not be applied retroactively in PCRA cases. Therefore, **Miller** does not create a newly recognized constitutional right that can serve as the basis for PCRA relief for Appellant. **Cintora**, 69 A.3d at 764.

Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address any claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

Finally, having conducted an independent review of the record in light of the PCRA petition and the arguments set forth therein, as well as the contents of counsel's motion to withdraw, we agree with counsel that the

petition is meritless. ***Daniels***, 947 A.2d at 798. Accordingly, we allow counsel to withdraw.

Order affirmed. Motion to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2014